◼ In the Matter of MICHAEL SMITH, Petitioner, v GREATER AMSTERDAM SCHOOL DISTRICT, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Montgomery County) to review a determination of respondent which discharged petitioner from his employment.

Petitioner was employed for approximately 6 or 7 years as a custodian by respondent. On February 13, 1986, a meeting was held at the office of the principal of petitioner's building. This meeting, attended by the principal, petitioner, union represen-

tative Alexander Beauchamp and others, concerned petitioner's grievance of a one-day suspension to be levied against him as the result of an incident unrelated to the instant matter. During the meeting, petitioner's grievance was apparently denied and it was decided that petitioner would serve his suspension the following day.

As the various individuals left the principal's office, petitioner asked Beauchamp if he could speak to him for a moment. Petitioner informed Beauchamp that he wished to pursue his grievance; Beauchamp, however, told petitioner that the union would not pursue the matter any further. From that point forward, the facts are in dispute. According to Beauchamp, petitioner then called him a "son of a bitch", grabbed Beauchamp's shirt and punched Beauchamp in the face with his fist. Petitioner testified that he asked Beauchamp a question and Beauchamp got irritated, began gesturing with a pointed finger and finally struck petitioner in the chest with his fist. Petitioner states that he was thrown off balance by the blow and "lunged at [Beauchamp] to keep from getting hit again". Then, according to petitioner, "I slid off him and my elbow banged across his lip".

Beauchamp reported this incident to school authorities and, in response, petitioner was suspended and served with a notice and statement of charges concerning the incident. Following a hearing, the Hearing Officer accepted Beauchamp's testimony and, accordingly, recommended that petitioner be suspended without pay for a period not to exceed three weeks. The final determination, signed by the school principal, Claude Palczak, respondent's superintendent, Daniel Greco, and the director of the staff personnel service unit for respondent, Arthur Cotugno, made additional findings of fact and permanently dismissed petitioner from his employment. This CPLR article 78 proceeding ensued.

In his petition and in an affirmation submitted by petitioner's counsel in support of this proceeding, petitioner contends that the determination to terminate his services is illegal since it was never referred to the Board of Education for its approval. In opposition to the petition, Greco asserts in an affidavit that he *alone* made the determination to terminate petitioner's employment. Indeed, he makes no assertion that the Board of Education approved his decision and states that although Cotugno and Palczak signed the determination, they did so only upon Greco's direction and took no part in the decision-making process. In this court, respondent contends that petitioner has failed to provide factual support for his

claim that the Board of Education did not determine to terminate petitioner's services. A review of this record, however, reveals that a question of fact is presented as to whether the Board of Education passed upon the question of petitioner's discipline. Indeed, Greco's affidavit provides factual support for petitioner's allegation. On the other hand, respondent's attorney asserts that the decision was a product of the Board of Education. Absent documentary evidence supporting this assertion, however, we must conclude that a factual issue is presented.

Since respondent has failed to demonstrate that Greco, its superintendent, was authorized to make the determination under review without Board of Education approval (see, Civil Service Law § 75; Education Law §§ 2501, 2508 [5]),* the factual question of Board of Education action or lack thereof is crucial to a resolution of this proceeding. Consequently, we remit the matter to Supreme Court for a trial of this factual issue (CPLR 7804 [h]).

Decision withheld, and matter remitted to Supreme Court for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.

---

* The record fails to indicate what type of school district respondent is (cf., 8 NYCRR 240.2 [a] [2]).